UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JAMES MICHAEL MURRAY**       **CASE NO. 6:20-CV-00792 SEC P**

**VERSUS**       **JUDGE MICHAEL J. JUNEAU**

**LOUIS AKAL, ET AL**       **MAGISTRATE JUDGE HANNA**

<u>**MEMORANDUM ORDER**</u>

Currently pending before this Court are plaintiff's Motion for Summary Judgment (rec. doc. 18), Motion to Amend (rec. doc. 19) and Motion to Appoint Counsel (rec. doc. 20).

Plaintiff asks this Court to appoint counsel due to the fact that his "imprisonment will greatly limit his ability to litigate." Rec. Doc. 20, p. 1. He contends that the issues at hand are complex and will require "significant research and investigation." *Id.*

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally, no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the

case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. 290, 293, n.14 (5th Cir. 1992); *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a

court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213.

The Court finds that plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex. At this stage of the proceedings he need not be versed in the law so long as he can recite the facts and his demands with sufficient clarity.

Accordingly,

**IT IS ORDERED** that plaintiff's request for appointment of counsel (rec. doc. 20) is **DENIED** as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Summary Judgment (rec. doc. 18) is **DENIED** as premature as the defendants have not even made an appearance in the suit.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend (doc. 19) is **GRANTED**. Plaintiff shall file an amended complaint by October 1, 2020.

THUS DONE in Chambers on this 25th day of August, 2020.

**Patrick J. Hanna**
**United States Magistrate Judge**