UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JAMES MICHAEL MURRAY** | **DOCKET NO. 20-cv-0792**<br>**SECTION P** |
| **VERSUS** | **JUDGE MICHAEL J. JUNEAU** |
| **LOUIS AKAL, ET AL** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Before the court is a Motion for Preliminary Injunction [rec. doc. 23] filed by James Michael Murray. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

**I. Background**

Murray seeks injunctive relief in the form of a transfer from the Madison Correctional Center ("MCC") back to the Iberia Parish Jail. Rec. Doc. 23, p. 2. He alleges that he was transferred to the MCC in retaliation for bringing litigation against Iberia Parish Jail officials. *Id*.

**II. Law and Analysis**

    *a. Preliminary Injunction*

To obtain a preliminary injunction, a movant must show (1) a substantial likelihood of success on the merits of the underlying suit, (2) a substantial threat that

he will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir. 2009). The party seeking a preliminary injunction carries the "heavy burden" of showing that his request meets each of these requirements. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). In a prison setting, requests for preliminary injunctive relief are "viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotations omitted). The court must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . ." 18 U.S.C. §§ 3626(a)(1)(A), (a)(2).

### b. Retaliation

Plaintiff claims that his transfer to Madison Correctional Center was an act of retaliation. To prevail on the claim for retaliation under Section 1983, a civil rights plaintiff must prove (1) the exercise of a specific constitutional right; (2) the defendants' intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation, which, in this context means that, but for the retaliatory

motive, the complained of incident would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 231(5th Cir.1998). The prisoner must produce direct evidence of motivation, or, the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred. *Woods v. Smith,* 60 F.3d 1161 (5th Cir.1995). The plaintiff must allege more than just his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir.1999).

### c. Analysis

The Court finds that the Plaintiff has failed to demonstrate a substantial likelihood of success on the merits and, therefore, extraordinary relief in the form of a preliminary injunction is not warranted. Here, plaintiff has alleged, in conclusory fashion, that his transfer to MCC was an act of retaliation triggered by the filing of a civil rights complaint against Iberia Parish Jail officials. He has failed to establish causation as required by the jurisprudence. As noted above, plaintiff must allege facts to demonstrate that "but for" the exercise of his constitutional right, the alleged retaliatory adverse act – his transfer to another prison – would not have occurred. Indeed, the pleadings themselves establish a more plausible explanation for the transfer. Plaintiff was dissatisfied with the conditions of confinement at the Iberia Parish Jail. He complained about those conditions and was subsequently transferred to another facility. *See Harrison v. Cox,* No. 3:12-cv-1813, 2013 U.S. Dist. LEXIS 22368 (W.D. La. Jan. 16, 2013).

Moreover, plaintiff has no constitutional right to be incarcerated in a certain facility, even if life in one prison may be much more disagreeable than in another. *See Ohm v. Wakinekona,* 461 U.S. 238, 245 (1983); *Hines v. Cain*, 2007 U.S. Dist. LEXIS 19962 , 2007 WL 891880, at * 14 (E.D. La. Mar. 20, 2007). It is well-settled that prison officials are given wide latitude in the daily operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979).

Accordingly,

**IT IS RECOMMENDED** that the Motion for Preliminary Injunction [rec. doc. 23] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-5-

THUS DONE AND SIGNED in Chambers this 29th day of September, 2020.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**