# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **JAMES MICHAEL MURRAY** | **CASE NO. 6:20-CV-00792 SEC P** |
| **VERSUS** | **JUDGE MICHAEL J. JUNEAU** |
| **LOUIS AKAL, ET AL** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the court are Cross Motions for Summary Judgment [doc. 36, 45] filed by plaintiff, James Michael Murray, and defendant, Roosevelt Peters, now ripe for review.

The motions for summary judgment have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below **IT IS RECOMMENDED** that the plaintiff's motion for summary judgment [doc. 36] be **DENIED**, the defendant's motion for summary judgment [doc. 45] be **GRANTED** and that plaintiff's claims be **DISMISSED WITH PREJUDICE.**

### I.    Background

Muuray is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at Tensas Parish Detention

Center in Waterproof, Louisiana. His complaint concerns events that occurred while he was incarcerated at the Iberia Parish Criminal Justice Center ("IPCJC").

Plaintiff asserts that the defendants have subjected him to cruel and unusual punishment as a result of the policy at the IPCJC that inmates "remain and live in the same continuous bright setting of light without ever turning off or dimming the lights." Rec. Doc. 1, p. 3. He argues that leaving the lights on the brightest setting 24 hours a day, 7 days a week, 365 days a year is a "tortures (sic) act" that "deprives us of necessary sleep and causes phycological and mental defects that are harmful to our state of mind." Rec. Doc. 6, p. 2.

## II. Law and Analysis

### A. *Summary Judgment*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must

deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

Plaintiff has filed a motion for summary judgment, arguing that the defendant's policy of keeping the lights on in the cells continuously is a "clear cut violation" of his constitutional rights and, as such, he is entitled to summary judgment as a matter of law. Rec. Doc. 36, p 2. Defendant Roosevelt Peter filed a cross motion for summary judgment, arguing that because plaintiff has failed to allege a violation of his rights under the Constitution, no genuine issue of material fact exists, and this claim must be dismissed. Rec. Doc. 45.

### B. *42 U.SC. § 1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold defendants liable under 42 U.S.C. § 1983, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins,* 108 S.Ct. 2250, 2254–55 (1988).

### C. *Analysis*

We begin our analysis by noting that while the Constitution does not mandate comfortable prisons, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment[1]." *Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995). "The Eighth

---

[1] The standard is the same whether plaintiff was a pretrial detainee or a convicted prisoner at the time of the incident. Cf. *Cadena v. El Paso Cnty*., 946 F.3d 717, 727 (5th Cir. 2020) ("As a pretrial detainee contesting the conditions of her confinement, Cadena's § 1983 claim invokes the protections of the Fourteenth Amendment. The standard is the same as that for a prisoner under the Eighth Amendment." (citations omitted)); *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) ("Our court has based its Fourteenth Amendment case law concerning pretrial detainees on

Amendment's prohibition against cruel and unusual punishment imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners." *Id*. A two-part test has been jurisprudentially established to determine whether a violation of the Eighth Amendment has in fact occurred. The Fifth Circuit Court of Appeals discussed this test in *Woods*, stating,

> A constitutional violation, [ ] occurs only when two requirements are met. First, there is an objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need". Second, under a subjective standard, we must determine whether the prison official responsible was "'deliberately indifferent' to inmate health or safety".

*Woods*, 51 F.3d at 581 (5th Cir. 1995) (*quoting Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir.1994); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991)). "The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. at 834.

The Fifth Circuit counts sleep as one of life's basic needs and has held that conditions designed to prevent sleep, then, *might* violate the Eighth Amendment. *Harper*, 174 F.3d at 720 (emphasis added). However, "[t]he legitimacy, and the necessity, of considering the State's interests in prison safety and security are well

---

the Supreme Court's Eighth Amendment precedent concerning prisoners. Among those borrowings is our understanding of subjective deliberate indifference." (citations omitted)).

established." *Washington v. Harper*, 494 U.S. 210, 223 (1990). Courts will therefore uphold a prison's policy that has been claimed to infringe upon a prisoner's constitutional rights if the policy is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

In *Chavarria v. Stacks*, 102 Fed. Appx. 433 (5th Cir., July 20, 2004), the Fifth Circuit found that even assuming arguendo that the plaintiff had alleged that the constant illumination of his cell led to a sleep deprivation sufficiently serious to be cognizable under the Eighth Amendment, he could not establish an Eighth Amendment violation because he could not show that his deprivation is unnecessary and wanton. *Id*. at 436. The Court noted:

> According to Chavarria, he was told by defendant Major Alford that the lights were kept on in the administrative segregation area for security reasons to prevent guards being assaulted by an inmate in a dark cell. A policy of dimming the lights at night and brightening them each time the guards passed by the cell would be even more disruptive to inmate sleep and thus was not an alternative that would fully accommodate the prisoner's right to sleep. *See Turner v. Safley,* 482 U.S. 78, 91, 96 L. Ed. 2d 64, 107 S. Ct. 2254 (1987) ( "An alternative that fully accommodates the prisoner's rights at de minimis cost to valid penological interests may indicate a regulation is not reasonable"). The policy of constant illumination is thus reasonably related to the legitimate penological interest of guard security. Accordingly, the enforcement of the policy does not violate the Eighth Amendment.

*Id*.

Similarly, Murray contends that the IPCJC's continuous lighting disrupts his sleep. Warden Gary Westcott's sworn affidavit attached to the defendant's Motion for Summary Judgment states that the lights remain on day and night for the security of the inmates and the staff. Rec. Doc. 45-2, Ex. 1, Aff. of Gary Westcott, ¶ 3. Inmates cannot easily leave their bunks undetected. Contraband cannot be moved within a cell or accessed as easily. Headcounts can be readily and quickly conducted. Further, "loud noises and other actions within the [Center] that might awaken inmates or make sleep difficult are avoided." *Id.* at ¶ 5. Therefore, the Court finds that a legitimate penological interest of guard security, as well as inmate security, is the reason for the illumination of the IBCJC. Accordingly, the enforcement of the policy does not violate the Eighth Amendment.

### III.   Recommendation

As Plaintiff has failed to allege a violation of his rights under the Constitution, no genuine issue of material fact exists, and his claims must be dismissed

For the foregoing reasons, **IT IS RECOMMENDED** that the defendants' motion for summary judgment [doc. 45] be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE.** It is also **RECOMMENDED** that the plaintiff's motion for summary judgment [doc. 36] be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and

Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers this 17th day of March, 2021.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**